IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CLYDE JOE PARKER II,<br>TDCJ-CID No. 2368449, | § § § | |
| Plaintiff, | § § | |
| v. | § | 2:24-CV-205-Z-BR |
| DANIELLE KITCHEN, *et al.*, | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS COMPLAINT IN PART**

Before the Court is the Complaint (ECF 3) filed by Clyde Joe Parker II ("Parker") against Defendants Danielle Kitchen and Isabel Gallegos, alleging violations of Parker's civil rights under 42 U.S.C. § 1983. Parker filed this lawsuit *pro se* while a prisoner in the Clements Unit of the Texas Department of Criminal Justice ("TDCJ") in Amarillo, Texas, and has been granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Parker's Complaint be DISMISSED IN PART under 28 U.S.C. §§ 1915 and 1915A.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of

whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483-84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the Court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

**A.    Factual Background.**[1]

Parker's Complaint alleges that he spoke with Defendants Danielle Kitchen ("Kitchen") and Isabel Gallegos ("Gallegos") about his medical restrictions that called for limited standing and no walking on wet or uneven surfaces. (ECF 3 at 4). He claims that both Kitchen and Gallegos

---

[1]These background facts are taken from Parker's Complaint (ECF 3) and questionnaire responses (ECF 9) and are assumed to be true for the purpose of evaluating the merits of Parker's causes of action.

2

have the authority to revise his heat restrictions. (ECF 9 at 4). Parker was concerned because his heat score required him to be housed in a unit with a cool bed, and that particular area at the Clements Unit has a shower with an uneven floor. Parker was afraid that the uneven, wet floor would cause him to fall in the shower. As a result, he asked Kitchen and Gallegos to remove his heat restriction so he could be moved to an area with a level shower, even though he would not have a cool bed. He claims that both Kitchen and Gallegos denied his request, telling him they didn't care what his restrictions were, that they were certain he probably would fall in the shower, and they didn't care if he did fall. (ECF 3 at 4). Two days later, he fell in the shower, breaking a bone in his hand and hurting his back and neck. (*Id*.).

The Court construes Parker's claim as a failure to accommodate cause of action under the Americans With Disabilities Act ("ADA") and/or Rehabilitation Act ("RA"), in that he alleges that Defendants failed to accommodate his disability. For the reasons stated below, the Complaint should be dismissed in part.

1.  **Failure to accommodate claim.**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a *prima facie* claim under the ADA, a plaintiff must show the following:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*Epley v. Gonzalez*, 860 F. App'x 310, 312 (5th Cir. 2021) (per curiam) (quoting *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004)). "In addition to their respective

3

prohibitions of disability-based discrimination, both the ADA and the [RA] impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals." *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005); *see Buchanan v. Harris*, No. 20-20408, 2021 WL 4514694, at *2 (5th Cir. Oct. 1, 2021) (quoting *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020)) ("The ADA requires public entities, including jails and prisons, to make 'reasonable accommodations for disabled individuals.'"). For a failure to accommodate claim, a plaintiff must prove that "(1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015).

The RA similarly provides that a disabled individual shall not "solely by reason of her or his disability ... be denied the benefits of ... any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To state a claim for relief under the RA, a plaintiff must allege: "(1) the existence of a program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance; and (3) the plaintiff is a qualified handicapped person, who solely by the reason of her handicap has" either "been denied benefits from, or otherwise been subject to discrimination under[,] such program or activity." *Hay v. Thaler*, 470 F. App'x 411, 417–18 (5th Cir. 2012) (per curiam) (quoting *Melton*, 391 F.3d at 676 n.8).

The Fifth Circuit has recognized that "[J]urisprudence interpreting either [the ADA or RA] is applicable to both." *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). This is because "the rights and remedies afforded plaintiffs under Title II of the ADA arc almost entirely duplicative of those provided under § 504 of the Rehabilitation Act." *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005). The causation requirements for the ADA and RA, however, differ

in that the RA proscribes discrimination "solely by reason of" disability, where the ADA states that "discrimination need not be the sole reason" for the discrimination. *Id.* Under either statute, a plaintiff must show intentional discrimination to recover compensatory damages. *Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 574 (5th Cir. 2002).

For screening purposes, the Court will assume that Parker's walking impairment constitutes a qualifying disability. *See* 42 U.S.C. § 12102(4)(A) ("The definition of disability ... shall be construed in favor of broad coverage of individuals ...."); *Epley*, 860 F. App'x at 312–13 (explaining that "[w]hether a plaintiff is disabled under the ADA is not a demanding question" and requires only that the Court ask if the plaintiff has a physical impairment that "substantially limits" at least one major life activity such as walking, lifting, or bending) (quoting Section 12102(2)).

Parker maintains that Defendants failed to accommodate his medical needs so that he could safely shower. (ECF 3 at 4). Parker further alleges that Defendants did so with knowledge of his need for accommodation. In other words, Parker's Complaint satisfies the elements for the discrimination test—*i.e.*, qualifying disability and a knowing failure to reasonably accommodate. *See Epley*, 860 F. App'x at 312; *Ball*, 792 F.3d at 596 n.9.

Thus, at this stage of the proceedings, Parker's allegations, taken as true, sufficiently state an ADA/RA violation. *See, e.g., Douthit v. Collier*, No. 20-20550, 2022 WL 5240152, at *2 (5th Cir. Oct. 5, 2022) (concluding inmate sufficiently pled a viable cause of action where his allegations "met the three elements required for an ADA failure-to-accommodate claim"); *Epley*, 860 F. App'x at 314 (holding prisoner stated facts sufficient to survive screening on his ADA claim when prisoner alleged "that, even though his single-cell restriction had never been formally revoked, the Montford officials disregarded that restriction" despite knowing "of that restriction" and it being "documented in his medical records"); *Schorsch v. Kwarteng*, No. 2:19-CV-323, 2021

WL 5242983, at *4 (S.D. Tex. Jan. 7, 2021) (denying prison's motion to dismiss prisoner's ADA claim, where prisoner's allegations "suggest[ed] that prison officials originally provided [p]laintiff with a special housing accommodation ... based on his physical limitations caused by his qualifying disability" but violated the accommodation and then unlawfully removed it), *R. & R. adopted by* 2021 WL 4129566 (S.D. Tex. Sept. 10, 2021); *Douthit v. Dean*, No. H-12-2345, 2012 WL 4765793, at *4-5 (S.D. Tex. Oct. 8, 2012) (ordering defendant to answer prisoner's ADA claim based on defendant's alleged denial of reasonable accommodations for his disability).

### 2. ADA/RA claims against Defendants in their Individual Capacity.

Parker's ADA/RA claims against Defendants in their individual capacities should be dismissed. As noted above, Title II of the ADA applies to public entities, and individual state employees do not qualify as public entities. *See* 42 U.S.C. § 12131(1) (defining "public entity" as "any State or local government," and "any ...instrumentality of a State or States or local government"); *see also Smith v. Hood*, 900 F.3d 180, 184 n.6 (5th Cir. 2018) (noting that "the ADA cannot be assessed against an individual"); *Lollar v. Baker*, 196 F.3d 603, 609-10 (5th Cir. 1999) (holding that a plaintiff cannot sue a defendant individually under the RA); *Payne v. Sperry*, No. 1:18-CV-0027-BL, 2019 WL 1932213, at *6 (N.D. Tex. May 1, 2019) (dismissing claims as frivolous because "neither [the ADA or RA] provides for relief against any individual"); *Coker v. Dall. Cnty. Jail*, No. 3:05-CV-005-M (BH), 2009 WL 1953038, at *16 n.11 (N.D. Tex. Feb. 25, 2009) ("[T]he ADA and Rehabilitation Acts only provide for relief against public entities, which do not include individual defendants."), *R. & R. adopted as modified by* 2009 WL 1953037 (N.D. Tex. July 6, 2009). Therefore, Parker's ADA/RA claims against Defendants in their individual capacities should be dismissed.

### 3. Punitive Damages Claim.

To the extent Parker seeks punitive damages for his ADA/RA claims, he cannot obtain relief. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (holding that "punitive damages may not be awarded in private suits brought under ... § 202 of the ADA and § 504 of the Rehabilitation Act"); *Lee v. Dallas Cnty.*, No. 3:19-CV-02690-L, 2021 WL 5505652, at *6 (N.D. Tex. Nov. 24, 2021) (citing *Barnes*). Accordingly, Parker's punitive damages claim in connection with his ADA/RA causes of action should be dismissed.

### 4. Injunctive Relief Claim.

Parker asks the Court for a unit transfer. (ECF 3 at 4). However, the Court notes that, during the pendency of this case, Parker was transferred from the Clements Unit in Amarillo to the Smith Unit. (ECF 7). Therefore, his request for injunctive relief is moot and should be dismissed as such.

## III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Parker's claims for punitive damages and injunctive relief, as well as his claims against Defendants in their individual capacities, should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 20, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).