IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CLYDE JOE PARKER II, §
TDCJ-CID NO. 2368449, §
    Plaintiff, §
§
V. § 2:24-CV-205-Z-BR
§
DANIELLE KICHEN, et al., §
    Defendants, §

NOV 10 2025 AM 10:57
FILED - USDC - NDTX - AM

## PLAINTIFF'S OBJECTIONS TO FACTS, FINDINGS CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT IN PART

    Before the court is the findings, conclusions and recommendation to dismiss complaint in part.(ECF 12). filed by the UNUTED STATES MAGISTRATE JUDGE, LEE ANN RENO against, Plaintiff CLYDE JOE PARKER II, alleging violations of his civil rights under 42 U.S.C.§1983. Parker filed this law suit pro se while a prisoner in the Clements Unit of the Texas Department Of Criminal Justice ("TDCJ") in Amarillo, Texas, Parker filed this instant 1983 with the intention that he was filing his suit under Deliberate Indifference Clause. Therefore, Parker object to such a screening.(ECF 12 at 1). and for reasons stated below, the Judge should review his case de novo, and retain suit.

### I. OBJECTION TO STANDARD OF REVIEW

    A Parker object that his case should be dismissed because his complaint is a complaint filed in forma pauperis by a prisoner against a government entity or employee.

    Parker object that this court can determine that his Deliberate Indifference claim is frivolous or malicious, he argue that his claim state a claim upon which relief can be granted, and seeks monetary relief from a defendant who is not immune from such relief.

    Parker object the District Court erred in dismissing his case under the Americans With Disabilities Act ("ADA") and/or Rehabilitation Act ("RA"), he seeks a Eighth Amendment claim
    Parker object the District failed to address the Eighth

1.

Amendment claim.

Parker object the District court abused its discretion by dismissing his claim under ADA/Ra without considering his Eighth Amendment Claim.

Parker object the District court abused its discretion by not having the Magistrate Judge de novo Parker's claim under the Eighth Amendments, Deliberate Indifference Clause.

Parker object the District Court dismiss his claim with prejudice for all objectios above.

Parker argue his claim of DEliberate Indifference is in complaince with 28 U.S.C. § 1915(e)(2)(B)(2017); see also section 1915A(b) (ECF 12 at 1,2).

## II. LEGAL ANALYSIS

A. Factual Background.[2]

Parker'scomplaint alleges that he spoke with Defendants Danielle Kitchen (" Kitchen ") and Isabel Gallegos (" Gallegos") about his medical restrictions that called for No walk wet/uneven surfaces and limited standing.(ECF 3 at 4). Parker claims that bout Kitchen and Gallegos have the authority to revise heat restrictions, and move him to a safe location compatable with his restrictions,however, refused to allow Parker to waiver his restrictions, and move him to safety. (ECF 9 at 1,2,4,6,and 7). Parker was concerned because his heat score required him to be housed in a unit with a cool bed, and that particular area at the Clement unit has a shower with an uneven floor. Parker advised both Kitchen and Gallegos that he was falling down while taking a shower on this uneven/wet surface.(ECF 9 at 2,5). Both Kitchen and Gallegos acknowledged and perceived the risk of serious bodily injury, because of falling while taking a shower.(EFC 9 at 2,5). Parker who can by policy of TDCJ can deny all medical restrictions (heat score) was not allowed to waiver restriction.(ECF. 9 at 1,2,4,and 5). Both Kitchen and GAllegos denied humane conditions of confinement, because they knew that

---

[2] These background facts are taken from Parker's Complaint(ECF 3 at) 4 and questionaire questionnaire responses (ECF 9) and are assumed to be true for the purposes of evaluating the merits of Parker's cause of action

2.

Parker faced a substantail risk of serious harm and they disregared that risk by failing to take reasonable measures to abate the known perceived risk of serious harm. (EFC 9at 1,2,3,4,5 and 6). as a result, he asked Kitchen and Gallegos to allow him to waiver heat restrictions so he could be moved to an area with a level shower.(ECF 9 at 3,6). Parker allege both Kitchen and Gallegos denied his request telling him: " I know abou your restrictions, I expect you will fall, I don't care, and you need to go back to Ecb.( ECF 3 at 4,4½),(ECF 9 at 2,5). Two days later, Parker fell in that unlevel (shower) surface,breaking a bone in his left hand and hurting his back and neck.(ECF 3 at 4,4½), (ECF 9 at 3,6) Both Kitchen and Gallegos is being sued for Deliberate Indifference to the serious medical needs by denying or delaying treatment to a serious medical need once it has been prescribed by a doctor or medical personel.(ECF 9 at 3,6).

Parker object that the court has failed to entertain his Deliberate Indifference claim against Kitchen and Gallegos.(ECF 9 at 3,5) To do nothing or to say "so", has held to be deliberate Indifference. (ECF 3 at 4,4½). Kitchen expressed that " I Ain't going to do nothing", Gallegos said to the risk "so", after they perceived the risk of serious harm to inmate safety. (ECF 3 at 4,4½), (ECF 9 at 2,3,5, and 6). " Deliberate Indifference occures when a defendant realizes that a substaintial risk of serious harm to a prisoner exists, but then disregards that risk." Perez V. Fenoglio,792 F.3d. 768,776 (7th cir.2015). it requires "more then negligence or even gross negligence": the defendant must have been "essentially criminally reckless, that is, ignored a known risk." FIGGS V. DAWSON, 829 f. 3d. 895, 903 (7th cir. 2016).

Parker object that his complaint offer allegations that sugguest Kitchen and Gallegos knew mr. Parker was falling while showering in a unlevel (shower) surface, despite his restrictions: no walk, wet/unlevel surfaces and limited standing.( ECF 9 at 2,3,5 and 6). These allegations suggest when they were informed of this fact that they expressed, "so" "I aint going to do nothing, after they perceived the risk, both responded inappropiately. Two days later Parker fell

in the shower, broke his left hand, hurt his back, and neck. Which is still under treatment at this time.

Parker object that the court did not bring this action 1983 cause of action under the eighth amendments Deliberate Indifference clause. A claim brought under § 1983, Analysis begins by identifying the specific constitutional right alleged infringed by the challenged Application.( "The frist inquiry in any § 1983 suit "is" to isolate the precise constitutional violation with which [the defendant] is charged "). In most instances, that will either be the fourth amendments prohibition against unreasonable seizures of the person, or the Eighth amendment's ban on cruel and unusual punishments, which are primary sources of Constitutional Protection against physically abusive government/conduct. The same analysis applies to excess force claims brought against federal law enforcement and correctional officers under bivens V. Six unknown Fed. Narcotics agents , 403 U.S. 388 (1971). Parker object that his claim against both Kitchen and Gallegos should be retained in their individual capacity under the allegations in the complaint and pleadings for a violation under the Eighth amendment, Deliberate Indifference clause.

Parker object and ask the court for a running objection on all matters mentioned below;

I. Parker Object he failed to Accommodate a Claim
Under The DeliberateIndifference
Clause

Prison officials violate the Eighth Amendment Prohibition against Cruel and Unusual Punishment when they act with deliberate indifference to serious medical needs. Rasho v. Elyea, 856 F3d.469, 475 (7th cir. 2017). To state a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from a objectively serious medical condition, and (2) the defendant acted with deliberate Indifference to his medical needs. Id. Plaintiff's complaints to Kitchen and Gallegos, of falling while showering and his medical restrictions for limited standing, and no walk wet/uneven surfaces,

4.

qualifyobjectively to a serious medical conditions. Plaintiff's allegations that Defendant's Kitchen and Gallegos acknowledged and perceived the risk of serious bodily injury of Parker falling in the shower both ladies said " I know, Ido't care, I expect you will fall." while one said "so " to the restrictions and the other said " I an not going to do nothing". (EFC 3 at 4,4½),(EFC 9 at 2,3,5,and 6). Caused, Parker to be showered in a wet unlevel surfaces, and limited standing, due to his painful condition and falling in the shower, Parker object that these suggestions alone should have been enough to proceed on the deliberate claim against both these individuals, namely DAnielle G. Kitchen and Isabel Gallegos. see. Reeves v. Huges 2025 U.S. Dist. Lexis 1145444. To do nothing has held to be deliberate Indifference. In sum, when the evidence is viewed in the light most favorable to Plaintiff, a reasonable jury could find that both Filpi and Colbert violated Chestnut's clearly established rights when they did nothing to address his objectively serious medical need despite their subjective knowledge that he was at risk of harm. Accordingly, Filpi and Colbert are not qualified immunity on the §1983 claims against them. Plaintiff object an Appellant court exercises plenary review over a District Court dismissal of claims pursuant to Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate if, accepting all-well pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff.see Karim-Seidou v. CMA CGM LLC, 2025 U.S. App. Lexis 22833; see Gaddy v. Corp. of the president of the church of Jesus Christ of latter day saints, 148 F. 4th 1202; Hatchigian v. Morris, 2023 U.S. APP. Lexis 25670.

    It is well-established that Prison officials and medical staff violate the Eighth amendment prohibition on cruel and unusual punishment when they act with Deliberate Indifference to a prisoner's serious medical needs Estelle v. Gamble, 429 U.S. 97,104, 97 S.Ct.285, 50 L.Ed.257 (1976).chatham v. Davis, 839 F.3d. 679,684 (7th cir 2016). To determine if the Eighth admendment has been violated in the prison medical context, we perform a two sted analysis, first examining wether, a Paintiff sufferedfroman objectively seriousmedical condition and then determining whether the individual was deliberately infifferent to that condition. Petities 886 F.3d.at 727, 728 (citing 912**12) Farmer v. Brennan, 511 U.S. **@%, *#$, 114 S.Ct.1930, 128 l.ed.2d.811(1994);Berryv.Paterman, 604 f.3d.435,440 (7th cir. 2010).

Deliberate Indifference requires that a defendant actually know about yet disreguard a substaintial risk of harm to an inmates health and safety. Petites 836 F.3d. 728.Id. The standard is a subjective one. The defendant must know facts from which he could infer that a substantial risk os serious harm exists and he must draw the inference. " Zava V. Sood 836 F. 3d. 803, 804 (7th cir. 2016). Plaintiff object that in this instant case. Once Kitchen and Gallegos said to Parker " I know, Ido't care, Iexpect you will fall ", (ECF 9 at 3,6). constitute and express a wanton disregard to inmate safety n diliberate Indifference, both Defendants denied humane conditions of confinement, because she knew and acknowledged, I faced a substaintial risk of serious harm, and they disregard that risk by failing to take reasonable measures to abate it, (ECF 3 at 4,4½). both were personally involved.

Parker object that claims against Defendants for Deliberte Indifference, the correct way to bring the suit is in that persons individual capacity, therefore his claim should in all things be retained.

Parker object that this court dismiss his claim under ADA/RA, because he has sued both Defendants in their Official Capacity. (ECF 3 at 4(VI)). And he has pleadings suggest that both defendants intentionally discrimination. see Kitchen she was there personally observed, while being the supervisor, Gallegos say to Parker"I am not moving you back to this side of the farm". While she knew of the risk and perceived the risk she intentionally and knowingly discriminated solely by reason of disability. see Gallegos she said after she perceived the facts of his disability "so" She has intentionally and knowingly discriminated solely by reason of disability. The court has stated that Parker, has meet the requirements to sufficiently state an ADA/RA violation. Parker argue that since he has shown a intentional discrimination he is intitled to recover compensatory damages. (ECF 12 at 5). Parker has sued each defendant for 1,000,000.00 in compensatory, he filed for this compensatory in their individual as well as their official capacities and is entitled to proceed because of the intentional discrimination. (ECF 12 at 5).

Parker object that the Magistrate Judge has refused to acknowledge Parker's claims of Deliberate Indifferent (ECF 9 at 3,6). should be retained for $1,000,000.00 compensatory damages in their individaul capacity.

For purposes of the objection, Parker contest that his complaint and pleedings meet the deliberate indifference objective and subjective prong of deliberate indifference to the extent Parker seeks to assert a federal claim based on the alleged denying or delaying medical treatment once it is prescribed from medical personel, Parker's claim would be governed by the Eighth admendment, which prohibits the infliction of cruel and unsual punishments". U.S. Const. mend. VII. From this prohibution, " courts has derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded. " Kosilek v. Spencer, 744 F. 3d. 63,82 (1st cir. 2014).(citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d. 811 (1994). The Eighth Amendment, applied to the states through the fourteenth amendment, protects incarcerated people from state corrections officials' "deliberate indifference to serious medical needs." Zings v. Groblewski, 907 F.3d. 630, 634 (1st cir. 2018) (quoting Feeney v. Corrimed. Servs. Inc., 464 F.3d. 158, 161-162 (1st cir. 2006); see Perry, 782 F.3d. at 78 (quoting Leavitt v. Corr. Med. Servs., 645 F.3d. 484,497 (1st cir. 2011)).

To demonstrate a claim under the subjective prong of deliberate indifference, a plaintiff must show that:1. he has a serious medical need for which 2. he has received'inadequate treatment," Kosilek, 774 f.3d. at 85. For a medical conditionto be objectively "serious" there must be a sufficiently' substantial risk of serious damage to the inmate's future health." Farmer 511 U.S. at 843 (quoting Helling v.Mckinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed. 2d. 22 (1993)). This " requires that he need be one that has been diagnosed by a physcian as mandatory treatment, or one that is obvious that even a lay person would easily recognize the necessity for a doctor's attention." Kosilek, 774 F.3d. at 82 ( quoting Gaudreault v. Salem 923 F.2d. 203, 208 (1st. cir. 1990)). However, this does not impose upon prison prison administrators a duty to provide care that is ideal, or of the prisoners choosing. "Id. ( citations omitted).

7.

" Rather the constitution proscribes care that is so inadequate as to shock the conscience." Id. 83. (quoting Torraco 923 F.2d. 231, 235 ( 1st. cir. 1991).

under the subjective prong of deliberate indifference, " a Plaintiff must show 'that prison officials possesed a sufficiently culpable state of mind namely one of deliberate indifference to an inmate safety." Perry, 782 F.3d. at 78 (quoting Leavit, 645 F.3d. at 497) Thus " even if medical care is so inadequate as to satisfy the objective prong, the Eighth Amendment is not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs. "kosilek 774 f.3d. at 83.". For purposes of the subjective prong, deliberate indifference 'defines a narrow band of conduct' and requires evidence that the failure in treatment was purposeful." Id. (citation omitted)(quoting Feeney,464 F.3d. at 1623; see Perry, 782 F.3d.at79 (stating that deliberate indifference "requires evidence that the absence of inatequacy of treatment is intentional"). A constitutional claim may arise when "the treatment provided [was] so inadequateas to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind." Leavitt 645 F.3d.at 497 (quoting Estelle v. Gamble, 429 U.S. 97, 105-106, 97 S.Ct.285, 50 L.Ed..2d.251 (1976)). However, "when a Plaintiff allegations simply reflect a disagreement on the appropriate course of treatment, but falls short of alleging a constitutional violation." Feeney, 464 F.3d.162 (alterations and quotations marks omitted). Moreover, "[P]rison officals ' whoactually knewof a Substantial risk to inmate health or saftey may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Giroux v. Somerset County 178 F.3d. 28, 33 (1st cir. 1999)(quoting Farmer 511 U.S. 825 at 844); see Burrell v. Hampshire CNTY, 307 F.3d.1,8 (1st.cir. 2002)
(

recognizing that the forces of the deliberate indifference analysis "is on what the jailer knew and what they did in response").

Parker demonstrate, his claim under the objective prong of delibertate indifference. Parker's assertion ( that he was falling while trying to shower in aunlevel shower, he allege both Kitchen and Gallegos acknowledge and perceive the risk of serious bodily injury.(ECF 9 at 2,4,and 5). He showed both Kitchen and Gallegos the need for a level shower, because he talked to Kitchen, (CEF 3 at 4). and to Gallegos. (ECF at 4½). He allege both Kitchen and Gallegos talked with him about medical restrictions; both knew of his limited standing and no walk on Wet/unlevel surfaces restrictions prescribed by the medical personel. (EFC.9 at 2at 5). Parker did demonstrate a claim in his complaint and his pleadings, under the objective prong of deliberate indifference because he did show to both Kitchen and Gallegos that he has a serious medical need (restrictions for limited standing, and no walk wet/unlevel surfaces) for which he having to shower in that wet unlevel (shower) surface, creates a sufficiently substaintial risk of serious damage ( by his falling) to his future health. Parker in his pleadings state that the limited standed and no walk on wet or unlevel surface restriction were the result of being diagnosed by a as mandatory treatment, and or the situation, Parker was in is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. (ECF 9 at 9). Parker demonstrate a constitutional claim under the objective prong of deliberate indifference, because, Parker is complaining of falling and hurting himself and being at risk of future falls with allegations of those falls causing him serious bodily injury which both Kitchen and Gallegos stated to Parker " I know, I don't care, I expect you will fall. (ECF 9 at 2,5). Kitchen and Gallegos statements is so inadequate as to shock the conscience. Parker provided facts regarding the circumstances that resulted in the course of treatment, he described how his treatment had been inadequate. The mere fact that he keeps falling in the shower that is wet and uneven despite medical prescribed restriction to the contrary, caused him unwanted pain in wanton disregard, will support that the denial or delay of medical treatment once prescribed, causing Parker to shower in that unlevel shower was inadequate. Plaintiff satisfied the objective prong of the deliberate indifferent standard.

Parker demonstrate his claim under the subjective prong of deliberate indifference. Parker has provided sufficient culpable state of mind, that both defendant's Kitchen and Gallegos has exhibited; namely one of deliberate indifference to (Parker's) inmate safety. In this case the medical care is adequate. However, Kitchen and Gallegos action and, statements is so inadequate as to satisfy the objective prong, and the subjective prong. because by Kitchen and Galleos delaying or denying proscribed medical care, as well as their statements Parker allege in his complaint; statements, to Parker "I am not going to do nothing, Idon't care about your restrictions".(ECF at 3). By Kitchen and Gallegos delaying or denying Parker proscribed restrictions by medical personnel as well as their statements, to Parker, expressed wanton disregard to Parker, receiving future pain in deliberate indifference, because, Kitchen said " I am not going to do nothing, I dont care about your restrictions. (ECF 3 at 4). Gallegos said " I don't care, I expect you will fall" (ECF 3 at 4½). Gallegos went on to so "so" (ECF at 4½) Gallegos by her actions acted intentionally she failed to protect once she knew of and perceived the risk of serious bodily harm. Gallegos failed to protect of a known risk she did perceive, she said, I expect you will fall. (ECF 3 at 4½). Both Kitchen and Gallegos failure to provide the proscribed treatment proscribed by medical staff was purposeful, Gallegos said " I am not moving you back to this side of the farm". ECF 9 at 5 ) and Kitchen said " I am not going to override her decision" ECF 9 at 2,3). Those statements from Kitchen and Gallegos evidenced that their absence or inadequacies of treatment is intentional. Parker advising them that he was falling and hurt himself. A constitutional claim may arise when "the treatment provided [was] inadequate as to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. I told them and they knew of my falls and restrictions and said I aint going to do nothing and to do nothing is deliberate indifference. Had they merely advised me even if the advise did'nt alleviate my situation they would not be deliberate indifferent. However, to do nothing has held to be a cause of action under the deliberate indifferet clause of the eighth amendment. Parker's allegation reflet more then a mere disagreement

on the apporiate course of treatment, Parker is prescribed treatment. Parker is denied (restrictions) treatment. Because Kitchen and Gallegos knew of the risk reconnized the risk, but failed to act. To choose to do nothing, Parker object is a deliberate indifference suit, because they knew. Parker satisfy the subjective prong of deliberate indifference. Parker has identified the individual prison officials who allegedly failed to provide treatment once it was prescribed by medical personnel, Kitchen and Gallegos denied or delayed treatment once it was preccribed. Parker explained what the staff members knew about Parker's falls, restrictions and condition he described the actions and inactions of Kitchen and Gallegos. Parker object that he has alleged facts which a fact finder could plausibly conclude that a medical staff member purposfully provided adequate treatment. Kitchen and Gallegos in deliberate indifference denid that treatment while at the same time showing a wanton disregard to offender future unwanted pain of harm. Plantiff has shownthat when Kitchen and Gallegos denied proscribed medical treatment, that the failure to provide the (restriction) treatment was purposeful.

Parker object to all matters stated above, because Parker allege facts that would support a delibert indifference finding, Parker has alleged Federal claim under the Eight Amendment's deliberate indifference clause.

    Therefore Parker ask the court for a running objection for all matters above, Parker move the court to reconsider his claim de novo and retain suit on both Kitchen and Gallegos in their individual capacity for deliberate indifference.

    Parker object to the court bringing this suit under ADA/RA. Because he has never mentioned ADA/RA in his complaint or his pleadings. Parker ask the court for a blanket objection on the Magistrate judges report on any matters conceirning ADA/RA becaue Parker did not file this instant suit under such claim.

2. Parker abandon his relief for Injunctive Relief and ask the Court to dismiss for want of prosecution without Prejudice.

3. Parker abandon the official capacity claim and ask the Court to dismiss his request for Punitive Damages for want of prosecutiion dismissins the Punitive request without prejudice.

4. Plaintiff object that the magistrate Judge's report brings this case under ADA/RA. Parker has never filed under such claim. Parker filed this instant claim under deliberate indifference, in the individual capacity of both Kitchen and Gallegos. He futher object that the individual capacity is the correct vechile to use to bring suit againt these two DEfendants. Asking the District Judge to review hie case de novo, under the claim of deliberate Indiffenence. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.Ed. 2d.40 (1988) Individual Capacity is the correct vechile for deliberate indifference in this instant case Burk v. Little, 2023 U.S. Dist. Lexis 91481(*5-8).

    Plaintiff Pray this court consider his claim de novo and retin suit against Defendants Kitchen and Gallegog

                      Respectfully Submitted

_[signature]_

11-03 25

## CERTIFICATE OF CERTIFICATE

I hereby certify that a true and correct copy of the foregoing Motion has been Placed in the United States Mail Postage Frist class addressd to DAnielle Kitchen and Isabel Gallegos., Clement Unit, 9601 Spur 591, Amarillo, Tx, 79107-9606. MAILED THIS 3rd day of NOVEMBER 2025.

Submitted,
CLYDE JOE PARKER II
*(signature)*

11-03-25

    Dear clerk

Please send a file marked copy to me in the prepaid stamped addressed envelope inclosed. Enclosed is the Plaintiff's objection to the Magistrate Judges report.

                          Thank You

                          Clyde Joe Parker, II,

                          */s/ Clyde Joe Parker, II*

CLYDE JOE PARKER, II  02368446
PRESTON E. SMITH UNIT
1313 CR 19
LAMESA TEXAS, 79331

LUBBOCK TX PMJC
WED 05 NOV 2025

RECEIVED
NOV 10 2025
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
205 S.E 5th Ave, Room 133
Amarillo, Tx 79101