IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CLYDE JOE PARKER II,

     Plaintiff,

v.

DANIELLE KITCHEN, *et al.*,

     Defendants.

2:24-CV-205-Z-BR

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Before the Court are the Findings, Conclusions and Recommendations ("FCR") of the United States Magistrate Judge to dismiss this case in part pursuant to 28 U.S.C. Section 1915(e)(2)(B). ECF No. 12. An Objection to the FCR has been filed. ECF No. 13. After making an independent review of the pleadings, files, and records in this case, the Court concludes that the FCR of the Magistrate Judge is correct. ECF No. 12. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and the following claims are **DISMISSED with prejudice**: (1) the claims against Defendants Danielle Kitchen and Isabel Gallegos in their individual capacity; (2) the claims for punitive damages;[1] and (3) the claims for injunctive relief.[2] Further, the Court **DISMISSES with prejudice** the claims against Defendants Danielle Kitchen and Isabel Gallegos in their official capacity.[3]

### LEGAL STANDARD

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely

---

[1] Plaintiff "ask[s] the Court to dismiss his request for Punitive Damages." ECF No. 13 at 11.

[2] Plaintiff expressed an intention to "abandon his relief for Injunctive Relief." ECF No. 13 at 12. The Court construes this to mean Plaintiff no longer wishes to pursue a claim for injunctive relief.

[3] Plaintiff expressed an intention to "abandon the official capacity claim." ECF No. 13 at 12.

objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

Plaintiff has filed Objections to the Magistrate's FCR. ECF No. 13. Plaintiff's objections are untimely, as they were not filed within the applicable fourteen-day period set by the Federal Rules of Civil Procedure. FED. R. CIV. P. 72. Accordingly, the Court reviews the Magistrate's FCR only for plain error. *Serrano*, 975 F.3d at 502.

Plaintiff raises five primary objections to the Magistrate's FCR. Plaintiff (1) "objects that his case should be dismissed because his complaint is a complaint filed in forma pauperis by a prisoner against a government entity or employee"; (2) "objects that this court can determine his Deliberate Indifference claim is frivolous or malicious"; (3) "objects the District Court erred in dismissing his case under the Americans With Disabilities Act ('ADA') and/or Rehabilitation Act ('DA')" without considering "his Eighth Amendment Claim"; (4) "object [sic] the District Court abused its discretion by not having the Magistrate Judge de novo [his] claim"; and (5) objects to the "District Court dismissing his claim with prejudice." ECF No. 13 at 1–2.

Plaintiff's first, second, fourth, and fifth objections are **OVERRULED**. Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here, as the Court has full ability to determine a claim is frivolous or malicious and dismiss

2

accordingly. *See* ECF No. 12 at 1 ("A court must dismiss a complaint filed in forma pauperis by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." (citing 28 U.S.C. § 1915(e)(2)(B) (2017))).

Third and fourth, Plaintiff claims the Court did not properly consider his deliberate indifference claim under the Eighth Amendment. ECF No. 13 at 4. Plaintiff appears to argue the Court erred by instead construing his claim as a "failure to accommodate cause of action under the American With Disabilities Act ('ADA') and/or Rehabilitation Act ('RA')." ECF Nos. 13 at 11, 12 at 3. Although Plaintiff used the words "deliberate indifference" in his Questionnaire (ECF No. 9), Plaintiff's pleadings did not clearly express an intention to pursue a claim under the Eighth Amendment. Thus, the Court construed Plaintiff's claims in the light most favorable to his success—claims under the ADA and / or the RA. *See Salinas v. Collier*, No. 1:20-CV-181, 2024 WL 3251715, at *5 (N.D. Tex. Feb. 2, 2024) ("The deliberate indifference standard [under the Eighth Amendment] is difficult to meet."). Yet Plaintiff objects. Thus, the Court considers Plaintiff's individual capacity claims against Defendants under the Eighth Amendment, as requested.

As discussed in the Magistrate's FCR, Plaintiff's heat score required him to be housed in a unit with a cool bed. ECF No. 13 at 2. Plaintiff claims that he spoke with Defendants about his medical restrictions that called for limited standing and no walking on wet or uneven surfaces. *Id.* at 2. Plaintiff expressed concern that the uneven, wet shower floor in the Clements Unit would cause him to fall in the shower and, accordingly, asked Defendants to remove his heat restriction so that he could be moved to an area with a level shower. *Id.* at 3. He claims that Defendants denied his request and stated they "didn't care" if he fell. *Id.*

3

Two days later, he fell in the shower, breaking a bone in his hand and hurting his back and neck. *Id.*

Inadequate medical treatment can amount to cruel and unusual punishment if a prison official exhibits deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A prison official acts with deliberate indifference only if he knows that an inmate faces a *substantial* risk of serious bodily harm and disregards that risk by failing to take measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Additionally, "failure to alleviate a significant risk that [the official] should have perceived, but did not" is also insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756. Rather, a prisoner must show that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs." *Id.* (quoting *Domino*, 239 F.3d at 756) (internal quotation marks omitted).

Plaintiff's allegations, taken as true, do not show that Defendants acted with deliberate indifference. Numerous federal courts have frequently rejected constitutional claims arising from slip-and-fall accidents. *See, e.g., Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014); *Noble v. Grimes*, 350 F. App'x 892, 893 (5th Cir. 2009) (affirming dismissal as frivolous of prisoner § 1983 claim that defendant was deliberately indifferent by failing to correct slippery shower floor); *Beasley v. Anderson*, 67 F. App'x 242, 242 (5th Cir. 2003) (same); *Mack v. Johnson*, 48 F. App'x 105, 105 (5th Cir. 2002) (same). "[T]he existence of

4

slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards." *Coleman*, 745 F.3d at 764. Foreknowledge of such conditions does not change the calculus. *Id.* at 765. That Defendants continued to enforce Plaintiff's heat restriction, despite awareness of the potential for dangerous conditions in the shower common to all users, alleges at most a claim of negligence. *See Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001) ("[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm."). Plaintiff's claim fails to satisfy the "extremely high standard" required to show deliberate indifference. Accordingly, Plaintiff's Third and Fourth objections are **OVERRULED**.

### CONCLUSION

It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and the following claims are **DISMISSED with prejudice**: (1) the claims against Defendants Danielle Kitchen and Isabel Gallegos in their individual capacity; (2) the claims for punitive damages; and (3) the claims for injunctive relief. Further, the Court **DISMISSES with prejudice** the claims against Defendants Danielle Kitchen and Isabel Gallegos in their official capacity.

**SO ORDERED.**

November 14, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE